UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTON BALLARD,<br><br>                Plaintiff,<br><br>v.<br><br>IDOC and CORIZON MEDICAL,<br><br>                Defendants. | Case No. 4:24-cv-00579-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 10.

Plaintiff has now filed a document that the Court construes as an Amended Complaint. Dkt. 11. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. § 1915A.

1. **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

**2.    Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

In its Initial Review Order, the Court explained the deficiencies in Plaintiff's initial complaint:

- Plaintiff's conditions-of-confinement claims appeared untimely.

- Plaintiff's claims challenging his state criminal conviction appeared barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

- Plaintiff's claims against a prosecutor and judge appeared barred by the doctrine of absolute immunity.

- Plaintiff's claims against his criminal defense attorney failed for lack of state action.

- Plaintiff's claims against the Idaho Department of Correction ("IDOC") failed because the IDOC is not a "person" subject to suit under § 1983 and because it is immune from suit in federal court under the Eleventh Amendment.

- Plaintiff's claims against Corizon, the entity that at one time provided medical care to inmates under contract with the IDOC, failed for lack of plausible allegations of a policy, custom, or practice amounting to deliberate indifference.

- Finally, Plaintiff's claims asserted under the Second, Seventh, Eighth, Ninth, and Fourteenth Amendments were implausible.

Dkt. 10 at 5–20.

In the Amended Complaint, Plaintiff has omitted all claims except a failure-to-protect claim and a claim of inadequate medical treatment. *See* Dkt. 11. The Amended Complaint states, in its entirety, as follows:

> I have factual assertion and matter that on and around July 2021 and February 2022 guards, prison officials, medical staff and the Idaho Department of Corrections are liable for financial compensation for monetary damages. That they had knowledge that was proven through circumstancial [sic] evidence and failed to respond properly on several incidents.

> That they disregarded and acted with deliberate indifference to my health and saftey [sic] concerns that have been documents. That they disregarded any substancial [sic] risk by failing to take reasonable measures and consideration to abade [sic] the violent attacks by other inmates. That I was not provided with adequate medical treatment by Corizon medical staff supervisors when I asked several times. That I suffered from a fractured orbital socket, broken nose, lacerations, broken ribs, black eyes, concussions, headaches, and being disoriented for days from the assaults. I also, still suffer PTSD and my mental health is affected. I strongly feel that they are liable for misconduct and knowingly committed an unlawful act. I am seeking from the defendants, a payment of 1.2 million dollars for pain, suffering, cruel and unusual punishment. That I am entitled to this settlement for the injuries and duress I've suffered.

Dkt. 11.

These statements are precisely the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Court need not accept as true under Rule 8 or § 1915A. *Iqbal*, 556 U.S. at 678. The Amended Complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). Further, Plaintiff has not addressed the Court's analysis that Plaintiff's claims are barred by the statute of limitations.

For the foregoing reasons, the Amended Complaint is subject to dismissal (1) for failure to state a claim upon which relief may be granted and (2) as legally frivolous. *See Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of a time-barred complaint as frivolous).

3.  **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a

civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that the Amended Complaint fails to state a claim upon which relief may be granted and asserts claims that are time-barred and, therefore, legally frivolous. Accordingly, for the reasons stated in this Order and the Initial Review Order (Dkt. 10), this entire case is DISMISSED with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

DATED: November 12, 2025

David C. Nye
Chief U.S. District Court Judge